### CITY OF MIAMI v. WHITE.

Circuit Court, Dade County, Criminal Appeal.

May 18, 1955.

Charles F. Lindsay, Miami, for appellant.

J. W. Watson, Jr., city attorney, Edward A. Fitzpatrick, assistant city attorney, both of Miami, for appellee.

CHARLES A. CARROLL, Circuit Judge.

This is an appeal from a judgment of conviction in the municipal court of Miami. The court has heard argument of counsel and examined the record.

A number of questions were argued on behalf of appellant in an effort to reverse the judgment—which are rejected by the court. The only question which it appears necessary to discuss is the contention that the conviction is not supported by the evidence.

The defendant, who was 78 years of age at the time, was charged with violation of section 18 of chapter 35 of the city code, dealing with misconduct toward children under the age of 18. The statement of the charges appearing in the trial docket follows— "Count 1. . . . . did then and there make improper advances to a child [a girl] under the age of 18 years, to-wit: ——————— ——————————, age 13. Count 2. . . . . did then and there without lawful authority lay hands upon a child [a girl] under the age of 18 years, to-wit: ——————— ———————————, age 13."

A lengthy trial was had in the municipal court, at the conclusion of which the trial judge indicated that he gave particular consideration to the question of the sufficiency of the evidence to establish guilt, saying at page 90 of the transcript—

> *The court*—In consideration of your age and your wife's condition and your responsibilities I would like very much to have a reasonable doubt in my mind so I could find you not guilty, but I can't find that reasonable doubt, and finding you guilty I am going to require you to serve 60 days in the city jail and pay a fine of $250.
>
> *The defendant*—We don't have any money.
>
> *The court*—Or upon non-payment of that fine and in lieu of that fine an additional 60 days in jail.

It was strenuously argued before me that while the acts charged were improper, it just wasn't reasonable that they could have occurred, taking into consideration the age and status of the parties, and the like. While it is true that there is a conflict in the evidence raised through the testimony of the defendant and his emphatic denials, a reading of the record shows there is definite evidence given by the prosecuting witness to support the finding of the court. The court below was a judge of the credibility. He heard and saw the witnesses who testified there. His decision shows affirmatively that he resolved the conflicts against the defendant. Thus it appears that the record shows sufficient credible evidence to satisfy the requirement of proof by the evidence beyond a reasonable doubt.

Accordingly, the judgment appealed from is affirmed.

It was brought out at the hearing before me that at the time of the trial there had been some publicity as to cases of this general character, and it was argued on behalf of the appellant that the penalty fixed by the court was excessive as a result thereof—a proposition which counsel for the city did not appear to dispute.

It appears to the court that the penalty of 60 days, plus $250 fine, or an additional 60 days for non-payment of said fine, should be and is hereby remitted to eliminate the portion of the sentence relating to confinement and reducing the fine to $100, or, upon non-payment thereof, 30 days in jail. It is so ordered.